MARK E. FERRARIO, ESQ.
Nevada Bar No. 1625
CHRISTOPHER MILTENBERGER, ESQ.
Nevada Bar No. 10153
ALAYNE OPIE, ESQ.
Nevada Bar No. 12623
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Mark Allan Unterscher, an Individual, 4310 Fernwood Drive Bismarck, ND 58503<br><br>Plaintiff,<br><br>v.<br><br>Holiday Inn Club Vacations, a Timeshare; Spence Wilson, Chairman of Board, 8505 Irlo Bronson Memorial Highway, Kissimmee, FL 34747<br><br>And<br><br>Holiday Inn Club Vacations, a Timeshare; Adalberto Lugo, General Manager, 3950 Koval Lane, Las Vegas, NV 89109,<br><br>Defendants. | Case No.: 2:16-cv-02958-MMD-VCF<br><br>**STATUS REPORT AND STIPULATION AND [Proposed] ORDER REGARDING PLAINTIFF'S CLAIM** |

Plaintiff Mark Allan Unterscher ("Plaintiff") and Defendants Holiday Inn Club Vacations and Spence Wilson, Chairman of Board and Holiday Inn Club Vacations, a Timeshare; Adalberto Lugo, General Manager ("Defendants") (collectively the "Parties"), by and through their undersigned counsel, hereby stipulate and agree as follows:

1.     On December 21, 2016, Plaintiff filed a Complaint for Declaratory and Injunctive Relief ("Complaint") asserting one count for various violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* (the "ADA").

LV 421049320v2

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

2. Prior to commencing this action, Plaintiff had retained a consultant to perform an inspection of the Desert Club Resort property located at 3950 Koval Lane, Las Vegas, Nevada 89109 (the "Property"). As a result of that inspection, Plaintiff's consultant prepared a document entitled, ADA Accessibility Inspection Survey, dated August 26, 2016 (the "Survey").

3. After filing and serving his Complaint on Defendants, Plaintiff provided a copy of the Survey to Defendants' counsel for review and consideration.

4. Defendants conducted an internal review and analysis of the Survey and prepared a proposal to address the issues set forth in the Survey with respect to the Property in furtherance of resolving this case. Such an analysis included extensive site inspections of the Property and review and analysis of the Survey and applicable codes and regulations. As a result of their analysis and inspections, Defendants prepared a proposed plan (the "Proposed Action Plan") to address certain issues raised by the Survey and to resolve the claims set forth in Plaintiff's Complaint and provided that plan to Plaintiff's counsel on August 8, 2017. The Proposed Action Plan proposed certain remedies and repairs to many of the issues raised in the Survey, but also took the position that repair or modification of certain other alleged violations were not reasonable or readily achievable under the circumstances.

5. Since that time, Plaintiff reviewed the Proposed Action Plan. Plaintiff agrees that the proposed repairs and modifications set forth in Defendants' Proposed Action Plan are reasonable and appropriate and will adequately address Plaintiff's concerns with respect to the alleged ADA violations for the issues other than those set forth below in Paragraph 10.

6. Defendants agree to undertake steps to effectuate the agreed upon repairs and modifications in the Proposed Action Plan with respect to those alleged ADA violations within the next twenty-four (24) months.

7. The Parties are working in good faith to establish a schedule for Plaintiff's expert to verify the completion of the repairs and modifications in the Proposed Action Plan.

8. Plaintiffs disagree with Defendants' contention that repairs and modifications with respect to certain other alleged ADA violations identified in the Survey are not reasonable or readily achievable under the circumstances as identified in the Proposed Action Plan.

Page 2 of 4

LV 421049320v2

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

9.      As a result, the Parties agree that the scope of the above-captioned matter should be limited to those alleged ADA violations where Defendants contend repair or modification is not reasonable or readily achievable under the circumstances.

10.      Therefore, the Parties stipulate and agree that the remaining scope of the claim asserted in Plaintiff's Complaint shall be limited to the following alleged ADA violations as noted in Plaintiff's Survey:

(a)      Shower Compartment Depth, Pages[1] 36 and 358.  Plaintiff alleges that the ADA requires a shower compartment to be a minimum of 60 inches deep. Plaintiff alleges that the shower compartments identified by Plaintiff in the Survey are 58 inches deep. Defendants contend that a modification or repair of these shower compartments constructed in or around 1989 are not reasonable or readily achievable as it would require a complete demolition and remodel to achieve any minimal benefit. Plaintiff disputes that a modification or repair is not reasonable or readily achievable under the circumstances.

(b)      Clear Floor Space, Pages 280 and 346.  Plaintiff alleges that there is insufficient floor clearance surrounding certain bathroom doorways and fixtures identified at these pages in the Survey. Defendants contend that a modification or repair of these bathrooms constructed in or around 1989 are not reasonable or readily achievable as it would require a complete demolition and remodel to achieve any minimal benefit. Plaintiff disputes that a modification or repair is not reasonable or readily achievable under the circumstances.

(c)      Maneuvering Clearance Around Doorways, Pages 301, 306, 321, 332, 337, 343, 349, 351, 355, 357, 362, and 366.  Plaintiff alleges that there is insufficient maneuvering clearance between certain doorways and the walls at certain places throughout the Property as identified on these pages of the Survey.  Defendants contend that a modification or repair of these doorways and related walls that were constructed in or around 1989 are not reasonable or readily achievable as it would require a complete demolition and remodel to achieve any minimal benefit. Plaintiff disputes that a modification or repair is not reasonable or readily achievable under the circumstances.

---

[1] The referenced page numbers are to Plaintiffs' Survey, as defined herein.

LV 421049320v2

This stipulation is entered into in good faith and in an effort to narrow the disputes asserted in the Complaint. The Parties intend this stipulation to assist in streamlining discovery with respect to this case and to expedite resolution of the parties' disputes.

The Parties agree that they shall submit a proposed Scheduling Order in compliance with Federal Rule of Civil Procedure 26(f) and LR 26-1 within thirty (30) days of the entry of the Order on this stipulation.

Based on the foregoing, the Parties respectfully request that this Court enter an Order narrowing the scope of Plaintiffs' claims as set forth herein in Paragraph 10.

DATED this 16 day of May, 2018

LAW OFFICE OF SEAN M. TANKO, LTD.

By: _____
SEAN M. TANKO, ESQ.
Nevada Bar No. 8904
8670 W. Cheyenne Avenue, Suite 130
Las Vegas, NV 89129

*Attorneys for Plaintiff Mark Allan Unterscher, an Individual*

DATED this 16 day of May, 2018

GREENBERG TRAURIG, LLP

By: _____
MARK E. FERRARIO, ESQ.
Nevada Bar No. 1625
CHRISTOPHER MILTENBERGER, ESQ.
Nevada Bar No. 10153
ALAYNE OPIE, ESQ.
Nevada Bar No. 12653

*Attorneys for Defendants*

**IT IS SO ORDERED:**

_____
UNITED STATES
~~DISTRICT~~/MAGISTRATE JUDGE

DATED: 7-18-2018 _____

LV 421049320v2

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002